IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAUREN COCHRANE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| OCWEN LOAN | ) |
| SERVICING, LLC, and DOES 1-5, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### INTRODUCTION

1. Lauren Cochrane seeks redress from the unlawful practices of Ocwen Loan Servicing, LLC ("Ocwen"), which were committed in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), in the course of alleged debt collection attempts Ocwen made.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. §1692k.

3. Because defendant does business here, and because its collection communications were received by plaintiff here, venue and personal jurisdiction in this District are proper.

### PARTIES

4. Lauren Cochrane is a widow, who resides in a home which she owns in Crystal Lake, Illinois.

1

5. Ocwen is a Delaware limited liability company with its principal office at 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409. Its registered agent and office is Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

6. Does 1-5 are unknown persons or entities responsible for the conduct described herein, including (A) the entity on whose behalf Ocwen was placing the calls to Lauren Cochrane, and (B) other responsible persons or entities.

**FACTS**

7. Ocwen has sought collection of a debt allegedly owed on a residential mortgage.

8. Ocwen obtained servicing the loan from Homeward Residential about 2013.

9. When Ocwen first obtained the loan, Plaintiff had encountered financial hardship and was behind.

10. During September through November 2015, plaintiff believes she was current and up to date with payments. However, Ocwen still claimed Plaintiff was behind, due to errors it was making with respect to her escrow account, and its refusal to properly credit her payments. Ocwen added numerous property inspection fees to plaintiff's account during 2015, even though plaintiff was making regular payments. When plaintiff asked Ocwen for proof the property inspections were done, Ocwen produced suspect records, including reports of talking to a male who came out of plaintiff's house in November, 2014, when no male was in the house at that time.

11. During September through November 2015, Lauren Cochrane received multiple telephone calls on her cell phone from Ocwen.

12. The calls were made from different numbers, at all times of the day, including at

night when plaintiff was sleeping.

13. On a several occasions, Ocwen left voicemail messages. When plaintiff attempted to return the messages, Ocwen's employees often could not explain why they were calling her. Ocwen's employees appeared to be based in a foreign country, and plaintiff often could not understand them.

14. The voicemail messages that were left are as follows :

> **"Hello, this message is from Ocwen Loan Servicing. If you could give us a call back at 800 746-2936. Thank you and have a nice day."**

15. Plaintiff repeatedly told Ocwen to stop calling her. On at least one occasion, Ocwen's employee laughed at plaintiff when she requested that the calls stop.

16. Lauren Cochrane nevertheless continued to be bombarded with calls made by Ocwen notwithstanding her request.

17. On information and belief, the calls Ocwen made to Lauren Cochrane were placed using predictive dialers, or using a recorded voice, or both of these.

18. Predictive dialers place calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient with a debt collector.

19. In many of the phone calls received by Lauren Cochrane, no live person was on the line when her voicemail application picked up the call. This experience is characteristic of calls from predictive dialers, which place large numbers of automated calls and attempt to predict when a live representative will be available to take the call.

20. By making such calls, Ocwen violated 47 U.S.C. §227(b)(l):

> **It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States -**

      **(A)**    to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ....

      **(iii)**    to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call ....

21. Violations of the TCPA are actionable, even if they are only negligent.

22. Plaintiff alleges that violations of the TCPA described herein were committed willfully, as automated calls from Ocwen continued after it was advised to stop the calls.

23. Those who violate 47 U.S.C. §227 are liable under 47 U.S.C. §227(b)(3)

> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State -**
>     **(A)**    **an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>     **(B)**    **an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>     **(C)**    **both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

24. Further, Owen's conduct was generally harassing. In particular, Ocwen's calls were made to calls to a cell phone on which Plaintiff receives important calls from family and friends; to have that number repeatedly dialed by a debt collector who has no business calling Plaintiff caused unnecessary annoyance, frustration and damage.

25. Debt collectors are prohibited from using harassing or abusive conduct in the course of debt collection by 15 U.S.C. §1692d:

> **A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section ....**
>
> **(5) causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number; [or]**
> **(6) except as provided in [15 U.S.C. §1692b], the placement of telephone calls without meaningful disclosure of the caller's identity.**

26. Under 15 U.S.C. §1692k(a), debt collectors who violate the FDCPA are liable for

(1) any actual damage sustained by such person as a result of such failure;
(2)
    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000 .... [and]
(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. ...

## COUNT I

27. Plaintiff incorporates paragraphs 1-26.

28. Given the preceding, Ocwen and the Doe defendants violated the TCPA.

29. A controversy exists between the parties, for which the award of declaratory and injunctive relief (as well as damages) would be proper.

WHEREFORE, plaintiff respectfully seeks judgment in her favor, awarding

(A) statutory damages,

5

(B) a declaration that RPM's conduct is illegal,

(C) an injunction against further violations,

(D) expenses and costs of suit, and

(E) all other proper relief.

## COUNT II

30. Plaintiff incorporates paragraphs 1-26.

31. Given the preceding, Ocwen violated the FDCPA.

32. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

33. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C.A. § 1692(a).

34. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

35. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

36. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

37. Plaintiff suffered actual damages as a result of these violations, including emotional distress, and large amounts of fictitious default charges being applied to her account.

WHEREFORE, plaintiff respectfully seeks judgment in her favor, awarding

(A) statutory damages,

(B) actual damages,

(C) attorney's fees,

(D) expenses and costs of suit, and

(E) all other proper relief.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
EDELMAN COMBS LATTURNER & GOODWIN LLC
20 South Clark Street, Suite 1500
Chicago, lllinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
 & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)